IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH SMITH,

     Plaintiff,                         No. 2:11-cv-02907 KJM KJN PS

     v.

SACRAMENTO SHERIFF
DEPARTMENT MAIN COURTHOUSE
BAILIFFS,

     Defendant.                     ORDER

_____/

        Plaintiff, who is proceeding without counsel, filed his complaint on November 3, 2011 (Dkt. No. 1).[1] Presently before the court is plaintiff's application to proceed without prepayment of fees, or in forma pauperis (Dkt. No. 2).  For the reasons stated below, the undersigned grants plaintiff's application to proceed in forma pauperis, but dismisses his complaint without prejudice.  Plaintiff is granted leave to file an amended complaint.

        Plaintiff has requested leave to proceed in forma pauperis.  Pursuant to federal statute, a filing fee of $350 is required to commence a civil action in federal district court.  28 U.S.C. § 1914(a).  The court may, however, authorize the commencement of an action "without

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  prepayment of fees and costs or security therefor" by a person that is unable to pay such fees or
2  provide security therefor. 28 U.S.C. § 1915(a)(1). Plaintiff's application and declaration make
3  the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, the undersigned grants
4  plaintiff's request to proceed in forma pauperis.
5             However, the determination that a plaintiff may proceed in forma pauperis does
6  not complete the inquiry. The court is also required to screen complaints brought by parties
7  proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d
8  1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to
9  dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the
10 allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a
11 claim on which relief may be granted, or the action seeks monetary relief against an immune
12 defendant.
13            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
14 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
15 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous if that claim is based on
16 an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke,
17 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled,
18 has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.
19            In assessing whether a plaintiff's complaint fails to state a claim on which relief
20 can be granted, the court adheres to the "notice pleading" standards. Under the notice pleading
21 standards of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a
22 "short and plain statement" of plaintiff's claims showing entitlement to relief and a "demand for
23 the relief sought." Fed. R. Civ. P. 8(a)(2)-(3); see also Paulsen v. CNF, Inc., 559 F.3d 1061,
24 1071 (9th Cir. 2009). A complaint should be dismissed for failure to state a claim if, taking all
25 well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to
26 relief that is plausible on its face.'" See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th

1 Cir. 2010) (quoting <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial
2 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
3 inference that the defendant is liable for the misconduct alleged.'" <u>Caviness v. Horizon Cmty.</u>
4 <u>Learning Ctr., Inc.</u>, 590 F.3d 806, 812 (9th Cir. 2010) (quoting <u>Iqbal</u>, 129 S. Ct. at 1949). The
5 court accepts all of the facts alleged in the complaint as true and construes them in the light most
6 favorable to the plaintiff. <u>Corrie v. Caterpillar</u>, 503 F.3d 974, 977 (9th Cir. 2007). The court is
7 "not, however, required to accept as true conclusory allegations that are contradicted by
8 documents referred to in the complaint, and [the court does] not necessarily assume the truth of
9 legal conclusions merely because they are cast in the form of factual allegations." <u>Paulsen</u>, 559
10 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading
11 liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in
12 the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that
13 the plaintiff can correct the defects. See <u>Lopez</u>, 203 F.3d at 1130-31.

14         Upon review of plaintiff's complaint, the undersigned dismisses the complaint for
15 failure to comply with the notice pleading standards described above, but grants plaintiff leave to
16 file an amended complaint. The pleading deficiencies in the complaint are fundamental and
17 preclude the court from ordering service of the complaint. In short, plaintiff's complaint does not
18 allege facts that state a claim upon which relief may be granted; indeed, the nature of plaintiff's
19 claims is unclear, and the complaint does not appear to seek any specific form of relief. With no
20 offense intended toward plaintiff, plaintiff's complaint is largely incomprehensible. The facts
21 alleged appear to relate to some form of assault of plaintiff allegedly committed by three bailiffs
22 at the "main courthouse" in Sacramento, California on or around December 30, 1999. Beyond
23 that general summary of facts, the complaint consists of several disjointed allegations that do not
24 form a coherent claim. In essence, the complaint is unintelligible to the point that the court
25 cannot discern the nature of plaintiff's claims or the relief sought.

26         Based on the foregoing, the undersigned dismisses plaintiff's complaint.

However, plaintiff is granted leave to file an amended complaint that complies with Rule 8(a) and the pleadings standards stated above.  Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Eastern District Local Rule 220 requires that an amended complaint be complete in itself.  This requirement is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent.").  Accordingly, once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Defendants not named in an amended complaint are no longer defendants.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  "If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have waived any error in the ruling dismissing the prior complaint."  N.Y. City Employees' Retirement Sys. v. Jobs, 593 F.3d 1018, 1024-25 (9th Cir. 2010).

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's application for leave to proceed in forma pauperis (Dkt. No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend.

3. Plaintiff is granted 30 days from the entry of this order to file an amended complaint that is complete in itself.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

DATED: April 10, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE